UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

RODERICK HAROLD PERSON SR.,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS et al.,

        Defendants.
_____/

Case No. 2:21-cv-181

Honorable Maarten Vermaat

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 3.) Under Rule 21 of the Federal Rules of Civil Procedure, a court may at any time, with or without motion, add or drop a party for misjoinder or nonjoinder. Fed. R. Civ. P. 21. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is further required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Defendants Marshall and MDOC Bureau of Healthcare (Dental) from this action. The Court will also dismiss Plaintiff's claim against the MDOC for failure to state a claim. Finally,

the Court will transfer the remaining claims against Defendant Kakani to the United States District Court for the Eastern District of Michigan.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Newberry Correctional Facility (NCF) in Newberry, Luce County, Michigan. The events about which he complains occurred at that facility and the Gus Harrison Correctional Facility (ARF) in Adrian, Lenawee County, Michigan. Plaintiff sues the MDOC,[1] ARF Physician Assistant Savithri Kakani, NCF Hearings Investigator Adam Marshall, and the MDOC Bureau of Healthcare (Dental).[2]

Plaintiff alleges that on May 15, 2019, while he was incarcerated at ARF, Defendant Kakani prescribed him hydrochlorothiazide to treat his allergies. Plaintiff took the medication until March 10, 2020, when Physician Assistant Michael Havens (not a party) stopped the prescription and started Plaintiff on Zyrtec. Plaintiff contends that Defendant Kakani improperly prescribed him hydrochlorothiazide.

Plaintiff's remaining allegations relate to conduct at NCF and have no apparent connection to Defendant Kakani's treatment of Plaintiff's allergies. In 2020, after he transferred

---

[1] Both the complaint and amended complaint name the MDOC in the captions as a Defendant. However, Plaintiff does not name the MDOC in the list of Defendants nor does Plaintiff make any specific allegations of misconduct by the MDOC. Although the complaint is ambiguous, the Court will presume that Plaintiff intends to include the MDOC as a Defendant in this action.

[2] The amended complaint is also unclear as to whether Plaintiff intends to name the MDOC Bureau of Healthcare (Dental) or unknown dental professionals employed by the Bureau of Healthcare at NCF. At page 5 of the Amended Complaint, Plaintiff appears to identify as a party the "Michigan Department of Corrections Bureau of Healthcare (Dental), who, at all times mentioned in this [amended] complaint held [the] rank of DDS, DA, and was assigned to Newberry Correctional Facility." (Am. Compl., ECF No. 5, PageID.43.) The description suggests that Plaintiff may intend to name employees, not the agency subdivision. The Court will dismiss Plaintiff's claims against this Defendant or Defendants. Thus, the Court would also dismiss all of Plaintiff's claims against misidentified individual providers. As a result, the Court need not clarify the identify of the actual party at this juncture.

to NCF, Plaintiff underwent a dental procedure that he alleges was unnecessary. A dental professional removed some of the enamel from two of Plaintiff's teeth. One of those teeth later chipped and then fractured. In his final set of allegations, Plaintiff received a misconduct at NCF for possession of alcohol on January 24, 2021. Plaintiff alleges that Defendant Marshall failed to properly investigate the charge.

Plaintiff seeks declaratory relief, injunctive relief, and damages.[3]

## I. Misjoinder

Plaintiff's allegations describe a series of discrete events, and his action joins four Defendants, each sued in both their personal and official capacities. At this juncture, the Court reviews whether Plaintiff's claims are misjoined.

### A. Improper Joinder

Federal Rule of Civil Procedure 20(a) limits the joinder of parties in a single lawsuit, whereas Federal Rule of Civil Procedure 18(a) limits the joinder of claims. Rule 20(a)(2) governs when multiple defendants may be joined in one action: "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Rule 18(a) states: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."

Courts have recognized that, where multiple parties are named, as in this case, the analysis under Rule 20 precedes that under Rule 18:

---

[3] Plaintiff's request for relief omits any mention of injunctive relief. The only reference to injunctive relief in his pleading comes from the first page of his amended complaint. (Am. Compl., ECF No. 5, PageID.39.)

> Rule 20 deals solely with joinder of parties and becomes relevant only when there is more than one party on one or both sides of the action. It is not concerned with joinder of claims, which is governed by Rule 18. Therefore, in actions involving multiple defendants Rule 20 operates independently of Rule 18. . . .
>
> Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.

7 Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1655 (3d ed. 2001), *quoted in Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009), *and Garcia v. Munoz*, No. 08-1648, 2008 WL 2064476, at *3 (D.N.J. May 14, 2008); *see also United States v. Mississippi*, 380 U.S. 128, 142–43 (1965) (joinder of defendants is permitted by Rule 20 if both commonality and same transaction requirements are satisfied).

Therefore, "a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact." *Proctor*, 661 F. Supp. 2d at 778 (internal quotation omitted). When determining if civil rights claims arise from the same transaction or occurrence, a court may consider a variety of factors, including, "'the time period during which the alleged acts occurred; whether the acts . . . are related; whether more than one act . . . is alleged; whether the same supervisors were involved, and whether the defendants were at different geographical locations.'" *Id.* (quoting *Nali v. Mich. Dep't of Corr.*, No. 07-10831, 2007 WL 4465247, at *3 (E.D. Mich. Dec. 18, 2007)).

Permitting the improper joinder in a prisoner civil rights action also undermines the purpose of the PLRA, which was to reduce the large number of frivolous prisoner lawsuits that were being filed in the federal courts. *See Riley v. Kurtz*, 361 F.3d 906, 917 (6th Cir. 2004). Under the PLRA, a prisoner may not commence an action without prepayment of the filing fee in some form. *See* 28 U.S.C. § 1915(b)(1). These "new fee provisions of the PLRA were designed to deter

4

frivolous prisoner litigation . . . 'by making all prisoner [litigants] . . . feel the deterrent effect created by liability for filing fees.'" *Williams v. Roberts*, 116 F.3d 1126, 1127–28 (5th Cir. 1997) (quoting *Jackson v. Stinnett*, 102 F.3d 132, 136–37 (5th Cir. 1996)). The PLRA also contains a "three-strikes" provision requiring the collection of the entire filing fee after the dismissal for frivolousness, etc., of three actions or appeals brought by a prisoner proceeding *in forma pauperis*, unless the statutory exception is satisfied. 28 U.S.C. § 1915(g). The "three strikes" provision was also an attempt by Congress to curb frivolous prisoner litigation. *See Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998).

The Seventh Circuit has explained that a prisoner like plaintiff may not join in one complaint all of the defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produce[s] but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g) . . . .
>
> A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions— should be rejected if filed by a prisoner.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Brown v. Blaine*, 185 F. App'x 166, 168–69 (3d Cir. 2006) (allowing an inmate to assert unrelated claims against new defendants based on actions taken after the filing of his original complaint would have defeated the purpose of the three strikes provision of PLRA); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998) (declining to allow "litigious prisoners to immunize frivolous lawsuits from the 'three strikes' barrier by the simple expedient of pleading unexhausted habeas claims as components of § 1983

5


suits"); *Shephard v. Edwards*, No. C2-01-563, 2001 WL 1681145, at *1 (S.D. Ohio Aug. 30, 2001) (declining to consolidate prisoner's unrelated various actions so as to allow him to pay one filing fee, because it "would improperly circumvent the express language and clear intent of the 'three strikes' provision"); *Scott v. Kelly*, 107 F. Supp. 2d 706, 711 (E.D. Va. 2000) (denying prisoner's request to add new, unrelated claims to an ongoing civil rights action as an improper attempt to circumvent the PLRA's filing fee requirements and an attempt to escape the possibility of obtaining a "strike" under the "three strikes" rule).

Under these circumstances, to allow Plaintiff to proceed with improperly joined claims and Defendants in a single action would permit him to circumvent the PLRA's filing fee provisions. Furthermore, he would avoid the consequences of filing at least three actions with all claims dismissed as meritless, frivolous, or for failure to state a claim. Courts are obligated to reject misjoined complaints like Plaintiff's. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

Therefore, the Court will look to the first individual Defendant and the earliest clear factual allegations involving that Defendant to determine which claim(s) and/or party(ies) present the core of the complaint to which other claims must relate to be properly joined. Plaintiff names Defendant Kakani as the first Defendant in the list of parties of the amended complaint. (Am. Compl., ECF No. 5, PageID.40.) Plaintiff's earliest factual allegations assert that Kakani improperly prescribed him medication. This is Plaintiff's only allegation involving Kakani. The allegation involves no other Defendants, and so Plaintiff's claims against the remaining Defendants do not arise out of the same transaction or occurrence. *See* Fed. R. Civ. P. 20(a)(2)(A). Moreover, it is clear that no question of law or fact is common to all Defendants. *See* Fed. R. Civ.

P. 20(a)(2)(B). Plaintiff has, therefore, improperly joined Defendants MDOC, Marshall, and MDOC Bureau of Healthcare (Dental)**.**

    **B.**    **Remedy**

Because the Court has concluded that Plaintiff has improperly joined multiple Defendants to this action, the Court must determine an appropriate remedy. Under Rule 21 of the Federal Rules of Civil Procedure, "[m]isjoinder of parties is not a ground for dismissing an action." *Id.* Instead, Rule 21 provides two remedial options: (1) misjoined parties may be dropped on such terms as are just; or (2) any claims against misjoined parties may be severed and proceeded with separately. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 572–73 (2004) ("By now, 'it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time . . . .'") (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989)); *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006); *Carney v. Treadeau*, No. 2:07-cv-83, 2008 WL 485204, at *2 (W.D. Mich. Feb. 19, 2008); *Coal. to Defend Affirmative Action v. Regents of Univ. of Mich.*, 539 F. Supp. 2d 924, 940 (E.D. Mich. 2008); *see also Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) ("[D]ismissal of claims against misjoined parties is appropriate."). "Because a district court's decision to remedy misjoinder by dropping and dismissing a party, rather than severing the relevant claim, may have important and potentially adverse statute-of-limitations consequences, the discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is 'just.'" *DirecTV*, 467 F.3d at 845.

At least three judicial circuits have interpreted "on such terms as are just" to mean without "gratuitous harm to the parties." *Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000)); *see also DirecTV*, 467 F.3d at 845. Such gratuitous harm exists if the dismissed parties lose the ability to prosecute an

7

otherwise timely claim, such as where the applicable statute of limitations has lapsed, or the dismissal is with prejudice. *Strandlund*, 532 F.3d at 746; *DirecTV*, 467 F.3d at 846–47.

In this case, Plaintiff brings causes of action under 42 U.S.C. § 1983. For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).

The statute of limitations, however, is subject to tolling. The Sixth Circuit has recognized that, in prisoner civil rights actions, the statute of limitations is tolled for the period during which a plaintiff's available state administrative remedies were being exhausted. *See Brown v. Morgan*, 209 F.3d 595, 596–97 (6th Cir. 2000).

> The Prison Litigation Reform Act amended 42 U.S.C. § 1997e to provide: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (1999) . . . . This language unambiguously requires exhaustion as a mandatory threshold requirement in prison litigation. Prisoners are therefore prevented from bringing suit in federal court for the period of time required to exhaust "such administrative remedies as are available." For this reason, the statute of limitations which applied to Brown's civil rights action was tolled for the period during which his available state remedies were being exhausted.

*Id.* at 596 (citing *Harris v. Hegmann*, 198 F.3d 153, 157–59 (5th Cir. 1999) (per curiam), and *Cooper v. Nielson*, 194 F.3d 1316, 1999 WL 719514 (9th Cir. 1999)). The Sixth Circuit noted that because it could not determine when the period of exhaustion expired, the appropriate remedy was to remand the case to the District Court to "consider and decide the period during which the statute of limitations was tolled and for such other proceedings as may be necessary." *Id.* at 597. Furthermore, "Michigan law provides for tolling of the limitations period while an earlier action

8

was pending which was later dismissed without prejudice." *Kalasho v. City of Eastpointe*, 66 F. App'x 610, 611 (6th Cir. 2003).

Plaintiff alleges Defendants Marshall and MDOC Bureau of Healthcare (Dental) engaged in conduct no earlier than 2020. Plaintiff has sufficient time in his limitations period to file a new complaint or new complaints against any dismissed Defendants. Plaintiff therefore will not suffer gratuitous harm if the improperly joined Defendants are dismissed.

Accordingly, the Court will exercise its discretion under Rule 21 to dismiss without prejudice the claims against Defendants Marshall and MDOC Bureau of Healthcare (Dental). *See Coughlin*, 130 F.3d at 1350 ("In such a case, the court can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs"); *Carney*, 2008 WL 485204, at *3 (same). If Plaintiff wishes to procced with his claims against the dismissed Defendants, he shall do so by filing new civil actions on the form provided by this Court, *see* W.D. Mich. LCivR 5.6(a), and paying the required filing fee or applying in the manner required by law to proceed *in forma pauperis*.[4] Notwithstanding the improper joinder of the MDOC, the Court will retain claims against it in the instant action. *See Michaels Bldg. Co.*, 848 F.2d at 682 ("The manner in which a trial court handles misjoinder lies within that court's sound discretion.").

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include

---

[4] As fully discussed in this opinion, Plaintiff is cautioned that he must limit all future actions to Defendants and claims that are transactionally related to one another. The Court may, in its discretion and without further warning, dismiss any future complaint, or part thereof, filed by Plaintiff that contains claims that are misjoined.

more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Sovereign Immunity

To the extent Plaintiff intends to name the MDOC as a Defendant, his claim fails. Plaintiff may not maintain a § 1983 action against the MDOC. Regardless of the form of relief

requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See*, *e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010). In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Harrison*, 722 F.3d at 771. Therefore, the Court dismisses the MDOC.

## IV. Transfer

Defendant Kakani is the only Defendant properly named in this action. Under the revised venue statute, venue in federal-question cases lies in the district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). The events underlying the complaint occurred in Lenawee County. Defendant Kakani is a public official serving in Lenawee County, and "resides" in that county for purposes of venue over a suit challenging official acts. *See Butterworth v. Hill*, 114 U.S. 128, 132 (1885); *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). Lenawee County is within the geographical boundaries of the Eastern District of Michigan. 28 U.S.C. § 102(a). In

these circumstances, venue is proper only in the Eastern District. The Court will therefore order the action transferred to the Eastern District.

## **Conclusion**

Having conducted the review required by Rule 21 of the Federal Rules of Civil Procedure, the Court determines that the Defendants Marshall and MDOC Bureau of Healthcare (Dental) are misjoined in this action. The Court will dismiss without prejudice the claims against them. Having further conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant MDOC will be dismissed for failure to state a claim, under 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also transfer Plaintiff's claims against Defendant Kakani to the United States District Court for the Eastern District of Michigan.

An order consistent with this opinion will be entered.

Dated: December 7, 2021 /s/ *Maarten Vermaat*
Maarten Vermaat
United States Magistrate Judge